UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CR-119-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIMBERLY TAYLOR, | ) | |
| Defendant. | ) | |

This matter is before the court on Kimberly Taylor's "Motion To Amend" [DE-101]. Taylor asks the court to amend her Judgment to relieve her from participation in the Bureau of Prisons' ["BOP"] Inmate Financial Responsibility Program (IFRP) or, in the alternative, to reduce the amount of her quarterly IFRP payments. She explains that she only earns about $18 per month and there is no hope for more pay or a better prison job.

In addition to a 61-month term of imprisonment, Taylor's sentence included a judgment for $91,933.41 in restitution to the victim of her bank fraud and aggravated identity theft. Restitution and the $1,200 special assessment were ordered "due and payable immediately." However, if Taylor could not pay the total sums due "immediately," the Judgment provided that she make payments

> through the [IFRP]. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule. Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payment made through the Federal Bureau of Prisons [IFRP], are made to the clerk of the court.

Amended Judgment [DE-93] at p. 5.

The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[1] See 28 C.F.R. §§ 545.10 - 545.11. Taylor's Judgment specifically directed that she make payments toward her financial obligation through the IFRP if she could make full payment "immediately."

When a court orders that payment is due "immediately," the court sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 Fed. Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. See Coleman v. Brooks, 133 Fed. Appx. 51, 53 (4th Cir. 2005). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate. See 28 C.F.R. § 545.11(b) (stating that "[p]ayments may be made from institution resources or non-institution (community) resources"). Thus, the BOP through IFRP made a determination of the sum that Taylor had the ability to pay.

The Fourth Circuit has directed that a motion like Taylor's be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. United States v. Hudson, 221 Fed. Appx. 255, 256 (4th Cir. Mar. 26, 2007). A habeas petition under § 2241 must, however, be filed in the district in which the

---

[1] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." Id. Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's progress in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11(d).

2

Case 7:07-cr-00119-F  Document 102  Filed 03/07/11  Page 2 of 3

prisoner is confined. *See United States v. Hudson*, 221 Fed. Appx. 255 (4th Cir. 2007) (citing 28 U.S.C. § 2241(a) and *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)). As Ms. Taylor is incarcerated within the Southern District of West Virginia. Accordingly, this Court lacks jurisdiction over the instant motion.

The Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. *United States v. Watkins*, 161 Fed. Appx. 337 (4th Cir. 2006) (citing *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *McGee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); and *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998)). Accordingly, the court finds that it is not in the interests of justice to transfer this matter to the Southern District of West Virginia.

For the foregoing reasons, therefore, Taylor's Motion to Amend [DE-101] is DENIED. Moreover, insofar as this motion may be construed as a habeas petition under § 2241, it is DISMISSED without prejudice to Taylor's right to file the action in the appropriate district. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 7th day of March, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge